United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. LABELLE, BG3974,<br>Plaintiff,<br>v.<br>S. MAGAÑA, et al.,<br>Defendant(s). | Case No. 26-cv-06429-CRB (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a prisoner at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se complaint against more than a dozen correctional officers and administrators claiming various violations of his federal rights under 42 U.S.C. § 1983 and related state law under 28 U.S.C. § 1367 stemming from a December 31, 2025, incident with CTF correctional officers S. Magaña and G. Hernandez.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

United States District Court
Northern District of California

B. Legal Claims

Plaintiff alleges that on December 31, 2025, Correctional Officer G. Hernandez asked him to step out of his cell for a random cell search. Plaintiff exited the cell and started heading towards the dayroom when Correctional Officer S. Magaña, who was standing between plaintiff's cell and the next cell down, yelled, "'Hey! You have to come back here and submit to a pat down!'" Compl. (ECF No. 1) at 4. Because plaintiff had an inmate grievance pending against Magaña he chose to interact only with Hernandez and confirmed with Hernandez that he was not suspected of having anything in his cell and proceeded back towards the dayroom. Magaña again yelled, "'You will submit to a pat-down, or I will hit the button!'" Id. at 5. Plaintiff addressed Magaña for the first time saying, "'Now, I will submit to a pat-down, but by doing so, this is no longer considered a random cell search according to Title 15. This is now considered a contraband sweep, which means I get to watch you search my cell, and I want a sergeant present.'" Id. Magaña responded by activating his personal alarm device and radioed, "'Code 1, disruptive inmate, Rainier Hall, side B.'" Id. Plaintiff turned against the wall, hands up, and Hernandez handcuffed him and searched the cell for contraband.

Hernandez and another officer then escorted plaintiff to CTF Facility A and placed him in Holding Cell 7. Plaintiff "was made to remove all clothing and expose himself while performing 'cough-and-squat' exercises," as instructed by correctional officers F. Vasquez and A. Garcia, with Hernandez and Correctional Sergeant J. Gutierrez-Aparicio present. Id. at 6. Plaintiff handed his personal property – state-issued clothing and shoes, and a personal non-network capable tablet purchased from a state-approved vendor – to Hernandez, who told plaintiff that he would get everything back later. But Gutierrez-Aparicio grabbed the tablet, looked at it briefly, and said, "'This is an altered tablet. You're getting a writ-up for it, and you're not getting it back.'" Id. at 7.

On January 3, 2026, plaintiff was served with a Rule Violation Report (RVR No. 7701828) issued by Magaña charging plaintiff with delaying a peace officer in the performance of duties. Plaintiff claims RVR No. 7701828 is "completely falsified" and contains "fabrications and misleading statements." Id.

On January 4, 2026, plaintiff was served with RVR No. 7701855 issued by Hernandez charging plaintiff with possession of a wireless communication device component. Plaintiff claims RVR No. 7701855 also is "inaccurate" and contains "fabrications." Id. at 8.

On January 13, 2026, plaintiff appeared before Correctional Lieutenant C. Whitman to hear RVR No. 7701828. Plaintiff takes issue with much of the testimony presented and claims there was insufficient evidence to support Whitman's finding that plaintiff was guilty.

On January 20, 2026, Whitman heard RVR No. 7701855 and found plaintiff guilty. Plaintiff suggests there was insufficient evidence to support the guilty finding because the "altered [] tablet" at issue was not presented at the hearing. Id. at 10.

On April 7, 2026, plaintiff was notified by Correctional Counselor S. Dunaven that plaintiff may be reassigned to "Hard C," a stricter work/privilege group. Id. Plaintiff protested and explained that he had been discipline free since December 31, 2025, and the time credits that had been assessed against him after the two December 31, 2025, RVR guilty findings had been restored. Shortly thereafter, plaintiff asked another inmate if it was lawful to reassign him so long after the two December 31, 2025, RVRs had been adjudicated and the inmate responded that it did not matter because Correctional Captain E. Ramirez was upset about plaintiff having filed a grievance challenging Rule OP 122.10. On April 14, 2026, plaintiff attended a classification committee hearing led by Dunaven and Ramirez and was reassigned/reclassified to Hard C for 60 days despite his protests. Plaintiff appealed the reassignment decision.

On June 9, 2026, plaintiff attended his annual classification committee hearing and was removed from Hard C "three days early." Id. at 13. Plaintiff suspects this was due in part to his grievance appealing RVR No. 7701828 having been granted but when he told Ramirez, Ramirez argued that the grievance appealing RVR No. 7701828 had not been granted and that plaintiff "should just 'file a grievance.'" Id.

1. First Amendment

Plaintiff claims that Magaña's response to plaintiff's objection to a contraband sweep without plaintiff viewing it and a sergeant being present – Magaña activated his personal alarm device and radioed for back up – amounted to a violation of plaintiff's First Amendment rights

because plaintiff had a pending grievance against Magaña.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff's retaliation for filing a grievance claim will be dismissed with leave to amend to set forth specific facts sufficient to state a viable First Amendment retaliation claim (and corresponding state law claim), if possible. Plaintiff must also name and connect every responsible defendant with his allegations of wrongdoing to show how each defendant actually and proximately caused the deprivation of the federal right(s) of which he complains. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

2. Fourth Amendment

Plaintiff claims that his strip search and confiscation/seizure of his tablet violated his Fourth Amendment rights.

The Fourth Amendment right to be secure against unreasonable searches and invasion of bodily privacy extends to incarcerated prisoners. Bull v. San Francisco, 595 F.3d 964, 974-75 (9th Cir. 2010) (en banc); Michenfelder v. Sumner, 860 F.2d 328, 332-33 (9th Cir. 1988). To analyze a claim alleging a violation of this right, the court must apply the test set forth in Turner v. Safley, 482 U.S. 78, 89 (1987), and determine whether a particular search and/or invasion of bodily privacy was reasonably related to legitimate penological interests. See Bull, 595 F.3d at 973; Michenfelder, 860 F.2d at 333-34. The court also should apply the balancing test set forth in Bell v. Wolfish, 441 U.S. 520, 559 (1979), and consider the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it and the place in which it was conducted. See Bull, 595 F.3d at 974-75 (applying Turner and Bell); Thompson v. Souza, 111 F.3d 694, 699-700 (9th Cir. 1997) (same); Michenfelder, 860 F.2d at 332-33 (same). Put simply, the court should "consider the reasonableness of [the intrusion under Bell] to help [it] determine if [the intrusion] was reasonably related to legitimate penological interests [under Turner]."

Thompson, 111 F.3d at 700. But the prisoner plaintiff asserting a violation of this right first must show that prison officials intentionally used exaggerated or excessive means to enforce security in conducting a search and/or invasion of bodily privacy. See id. After all, it is well established that prisoners may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner. See Bell, 441 U.S. at 561.

Plaintiff's strip search claim will be dismissed with leave to amend to set forth specific facts sufficient to state a viable Fourth Amendment unreasonable strip search claim (and corresponding state law claim), if possible. Plaintiff must also name and connect every responsible defendant with his allegations of wrongdoing to show how each defendant actually and proximately caused the deprivation of the federal right(s) of which he complains. See Leer, 844 F.2d at 634. But plaintiff's confiscation/seizure of his tablet claim will be dismissed without leave to amend because it is well established that a prisoner is not protected by the Fourth Amendment against the seizure, destruction or conversion of his property. See Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).[1]

3. Fourteenth Amendment

Plaintiff claims that he was denied due process in violation of the Fourteenth Amendment when he was falsely charged and found guilty of RVR No. 7701828 and RVR No. 7701855. He also claims that he was denied due process in connection with the classification committee decision to reassign him to Hard C for 60 days.

To state a claim for violation of due process in connection with a prison disciplinary proceeding, a prisoner must allege facts showing a deprivation of "real substance." See Sandin v. Conner, 515 U.S. 472, 477-87 (1995). If the discipline imposed will inevitably affect the duration of a sentence (by assessing time credits, for example) or imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, the procedural protections required include written notice of the disciplinary charges, time to prepare

[1] Nor can a prisoner state a due process claim for the unlawful deprivation of property when, as is the case in California, the state provides an adequate post-deprivation remedy for deprivations of property. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

for the hearing, a written statement of decision, allowance for witnesses and documentary evidence when not unduly hazardous, and aid from fellow inmate or staff if the accused inmate is illiterate or the issues complex. See Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974). Due process also requires that the disciplinary decision be supported by some evidence in the record. See Bunsworth v. Gunderson, 179 F.3d 771, 773-74 (9th Cir. 1999) (citing Superintendent v. Hill, 472 U.S. 445, 457 (1985)).[2]

Reclassification as a punitive measure also implicates the procedural and evidentiary safeguards mandated by Wolff and Hill, if the deprivation suffered is one of "real substance" under Sandin. In such a case, the reclassification decision must be supported by a constitutionally sound disciplinary decision. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (punitive reclassification decision supported by evidence presented at disciplinary hearing).

Plaintiff's claims regarding RVR No. 7701828 and RVR No. 7701855 will be dismissed with leave to amend to set forth specific facts sufficient to state a viable due process claim (and corresponding state law claim) in connection with a prison disciplinary proceeding, if possible. And his claim regarding the decision to reassign/reclassify him to Hard C for 60 days similarly will be dismissed with leave to amend to set forth specific facts sufficient to state a viable due process claim (and corresponding state law claim) in connection with a reclassification as a punitive measure proceeding. Plaintiff also must name and link every defendant with his allegations of wrongdoing to show how each defendant actually and proximately caused the deprivation of plaintiff's right(s) of which he complains. See Leer, 844 F.2d at 634.

Plaintiff is reminded that in a § 1983 action a prison or jail official can only be liable for his or her own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Under no circumstances can a supervisor or superior be liable under § 1983 solely because he or she is responsible for the actions or omissions of another. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor or superior may be liable under § 1983 only upon a showing of personal involvement in

---

[2] Due process does not require that prisons allow inmates to cross-examine their accusers, see Wolff, 418 U.S. at 567-68, and does not give rise to a right to counsel in the proceedings, see id. at 569-70.

United States District Court
Northern District of California

the constitutional deprivation or a sufficient causal connection between the supervisor's or superior's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012).[3]

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 28 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

Dated: August 31, 2026

CHARLES R. BREYER
United States District Judge

[3] Plaintiff's allegations and/or concerns regarding small cell size are dismissed without prejudice to bringing in his pending suit concerning small cell size, LaBelle v. Borla, 25-cv-9808-TLT.